IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FLOYD CLIFFORD COATES, JR.,**

        **Plaintiff,**

    v.                              CASE NO. 13-3130-SAC

**OFFICER BEAUTNER, et al.,**

        **Defendants.**

**O R D E R**

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas (EDCF). Before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion for In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff must pay the full district court filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay the $350.00 district court filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having reviewed plaintiff's motion, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner seeking relief from employees of a governmental entity, the court must conduct an initial screening of the complaint. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all

well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

Having considered the complaint, the court finds it is subject to being dismissed without prejudice for the following reason.

In this action, plaintiff seeks damages on allegations that while he was confined in the EDCF Reception and Diagnostic Unit (EDCF-RDU), defendants Beutner and McNutt intentionally closed his cell door on him three times in May 2013, once injuring plaintiff's foot, once damaging the cast on plaintiff's foot, and once catching plaintiff's wheelchair.[1] Plaintiff also alleges one defendant commented that the next time plaintiff's head would be caught in the cell door.

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his administrative remedies before bringing a lawsuit for violation of his federally protected rights. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

A prisoner's compliance with the exhaustion requirement in § 1997e(a) is not jurisdictional, but rather is an affirmative defense to be raised by defendants opposing the prisoner's suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus a prisoner is not required to

---

[1] Because plaintiff had been transferred out of EDCF-RDU by the time he filed his complaint, his request for a temporary restraining order to prevent further harm while confined in EDCF-RDU was rendered moot.

plead or demonstrate in his complaint that he has exhausted available administrative remedies. *Id.* But when it is clear from the face of the complaint that he has failed to do so and that his failure to exhaust is not due to the action or inaction of prison officials that thwarted the prisoner's attempt to exhaust, summary dismissal of the complaint without prejudice may be appropriate. *See Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir.2007)(district court can dismiss prisoner complaint for failure to state a claim if it is clear on the face of the complaint that the prisoner has not exhausted available administrative remedies); *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir.2010)("an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy").

In the present case, plaintiff expressly indicates in his complaint that he had not exhausted administrative remedies at EDCF, and stated further only that EDCF officials "failed to even look into the incident." The court finds plaintiff's affirmative acknowledgment of failing to exhaust administrative remedies is sufficient to consider summary dismissal of the complaint, but will first grant plaintiff an opportunity to demonstrate that established EDCF administrative remedies were not available to him under the circumstances.

Plaintiff is thus directed to show cause why the complaint should not be summarily dismissed based upon plaintiff's clear acknowledgment of his failure to first exhaust administrative remedies. The failure to file a timely response may result in the complaint being dismissed without prejudice pursuant to 42 U.S.C.

1997e(a), and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed without prejudice.

A copy of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 18th day of September 2013 at Topeka, Kansas.

                                       s/ Sam A. Crow
                                       SAM A. CROW
                                       U.S. Senior District Judge