IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Floyd Clifford Coates, Jr.,
    Plaintiff,

vs.                             Case No. 13-3130-JTM

Officer Beautner, et *al.*,
    Defendants.

MEMORANDUM AND ORDER

Floyd Clifford Coates, Jr., currently an inmate of the Winfield Correction Facility, brings the present *pro se* 42 U.S.C. § 1983 action alleging the use of excessive force by two correctional officers, Jerry McNutt and Collen Beautner. Since the filing of this case, the facility attorney for El Dorado Correctional Facility filed a Suggestion of Death as to Defendant Beautner. (Dkt. 9). The only remaining defendant named in the Complaint is Defendant McNutt, who has moved for summary judgment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party

need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The present action arises from an incident which occurred while Coates was incarcerated in the El Dorado Correctional Facility. According to the Complaint, McNutt was nearby when Beautner, who was in a separate room operating the cell-door closing mechanism, happened to close Coates's cell door on his foot, which was then already broken and in a cast. Defendant McNutt notified Beautner to open the cell doors and freed Coates, who was then in a wheelchair. McNutt warned Coates that "your head will be next."

Cell doors in the prison can be opened one at a time or as a group by use of a touch screen housed in the control center. It is uncontroverted that, once a door is activated, an

2

electric motor opens or closes a door at a slow speed. It takes approximately five seconds for a door to complete the operation.

If a cell door in cell house E encounters an obstruction before completing its cycle, the door may stop, but the motor continues to attempt to close. The door operator must stop the door by touching the screen and then select the open function to clear the door. It is mechanically impossible for an operator in the control unit to alter the speed of a door, and impossible for a cell door equipped with the electric motor to be "slammed." McNutt cannot open or close cell doors from the floor desk for security reasons; only the officer in the control unit can open or close the doors.

Coates never filed a personal injury claim asserting that his broken foot was shut in his cell door.

McNutt presents three rationales for summary judgment. First, Coates failed to submit any grievance over the alleged incident, and accordingly did not exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Second, the plaintiff has failed to show any personal participation by McNutt in the alleged physical injury. Finally, defendant argues that under the Eleventh Amendment, Coates is precluded from obtaining monetary damages from McNutt for any actions in his official capacity. (Dkt. 25, at 5-8).

Coates provides no response to the defendant's Eleventh Amendment argument. He does stress that McNutt was "the floor officer" at the time of the incident (Dkt. 34, at 1), but the uncontroverted facts establish that, for security reasons, the floor officer has no ability to open or close the cell doors. This mechanism is controlled through a separate control room, and was operated by the late Officer Beautner. Because plaintiff has failed to demonstrate any personal responsibility by McNutt for the alleged aggravated injury to his foot, summary judgment is appropriate. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

With respect to the exhaustion of remedies arguments, Coates asserts in his brief that a different corrections officer, identified only as "Mr. Hoepner" told him that "because my foot was in a cast already I could not file a personal injury claim." *Id.* at 2. This is merely plaintiff's unsworn assertion, however, and it is insufficient to relieve the plaintiff of his obligation to exhaust administrative remedies under the PLRA.

"Although we construe a *pro se* litigant's pleadings liberally, they must still comply with the minimum requirements of the [summary judgment] rules. In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of Rule 56 of the Federal Rules of Civil Procedure." *Gorton v. Williams*, 309 Fed.Appx. 274, 275 (10th Cir. 2009) (citation omitted). *Gorton* is directly relevant here. In that case, the plaintiff prison inmate attempted to defeat the exhaustion argument of the defendants by his unsworn assertion that he had in fact presented grievances. The Tenth Circuit held that this was insufficient, concluding that "in light of Defendant's evidence that Plaintiff submitted no grievances related to his claims in this case, the court's granting of summary judgment to Defendant for failure to exhaust was appropriate." *Id.*

Where, as here, the nonmovant offers no rationale for his or her failure to properly oppose the facts alleged in connection with a summary judgment motion, the court may consider the fact undisputed pursuant to Rule 56(e). *See McGuire v. Hrabe*, No. 07-3147-KHV, 2008 WL 4305437, *2 (D. Kan. 2008) ("The Court does not consider facts alleged in plaintiff's response to the first motion for summary judgment... because plaintiff has not offered sworn testimony in support thereof"); *Ellibee v. Hazlett*, No. 03–3023–JAR, 2006 WL 3050801, at *2 (D.Kan. Oct. 23, 2006) (pro se litigants governed by same procedural rules as other litigants; on summary judgment).

Of course, "the *pro se* prisoner's complaint" may be considered "an affidavit insofar as it has been sworn under penalty of perjury and alleges facts based on plaintiff's personal knowledge." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Here, however, Coates

4

makes no claim in his Complaint that he orally tried to present an administrative grievance and was somehow thwarted from submitting a written claim. To the contrary, the form complaint asks if the petitioner has "previously sought informal or formal relief from the appropriate administrative officials." Coates answered, "No." (Dkt. 1, at 5).

The court finds that the defendant is entitled to summary judgment on the grounds sought.

IT IS ACCORDINGLY ORDERED this 10th day of April, 2014, that the defendant's Motion for Summary Judgment (Dkt. 24) is hereby granted.

                                       s/ J. Thomas Marten
                                       J. THOMAS MARTEN, JUDGE